IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNY RAY WELCH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:12-CV-2059-N-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Donny Ray Welch, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2006, petitioner was convicted in two separate cases of sexual assault and sentenced to concurrent terms of 15 years' imprisonment. No appeal was taken. Instead, petitioner filed applications for state post-conviction relief for each count of conviction. Both applications were denied with written order. *Ex parte Welch*, WR-77,155-01 (Tex. Crim. App. Mar. 28, 2012); *Ex parte Welch*, WR-77,155-01 (Tex. Crim. App. Mar. 28, 2012). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner claims that he received ineffective assistance of counsel, his guilty plea was involuntary, and his plea agreement has been breached by the State. Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute

of limitations. Petitioner was invited to address the limitations issue in a reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

B.

Petitioner was sentenced to 15 years in prison for two sexual assault convictions. Judgment was entered on May 17, 2006 in the first case, and June 16, 2006 in the second case. No appeal was

taken. Therefore, petitioner's convictions became final 30 days after each conviction – on June 16, 2006, and on July 17, 2006, respectively.[1]  *See* TEX. R. APP. P. 26.2 (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Petitioner did not file an application for state post-conviction relief for his first sexual assault conviction until July 1, 2011, and for his second conviction until July 5, 2011– nearly *five years* after his conviction became final. Both writs were denied on March 28, 2012. The limitations period is therefore not subject to statutory tolling for the period of time during which petitioner's state habeas applications were pending, because they were filed more than one year after his convictions became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his federal writ on June 13, 2012, nearly five years after the AEDPA limitations period had expired.

C.

In an attempt to avoid dismissal of this case as untimely, petitioner states in his habeas application that:

> I have just exhausted my state remedies by filing the 11.07 out of time appeal and due to my severe mental illness – schizo affective disorder – I didn't discover I could appeal a plea bargain until 1 month before the 11.07 was filed. This illness is so severe I received a[n] S.S.I. disability check from the federal government in the free world.

(*See* Hab. Pet. at 9, ¶ 26). The Fifth Circuit has recognized that mental incompetency may support equitable tolling of the limitations period. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir.1999). However, petitioner has failed to allege sufficient facts or adduce any evidence that his mental condition or any side effects of medications rendered him incompetent such that he was prevented from seeking post-conviction relief during the AEDPA limitations period. *See Dean v. Quarterman,*

---

[1] The 30th day after judgment was entered fell on Sunday, July 16, 2006. As a result, petitioner had until the following Monday, July 17, 2006, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

No. 3:07-CV-470-N, 2007 WL 1989470 at *3 (N.D. Tex. July 5, 2007), *COA denied*, No. 07-10791 (5th Cir. June 18, 2008) (conclusory assertions of mental illness are insufficient to justify equitable tolling of limitations period). Without a basis for statutory or equitable tolling of the AEDPA limitations period, petitioner's claims are time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

DATED: October 19, 2012.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE